UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sipco Surface Protection, Inc. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:10-cv-03585-JP |
| Aker Philadelphia Shipyard, Inc. | ) |
| and | ) |
| CMP Coatings, Inc., | ) |
| Defendants. | ) |

# Defendant Aker's Brief in Support of Rule 12(f) Motion to Strike Complaint Paragraphs 5 to 39, 40 (First Sentence Only), and 72 to 140 as Immaterial, Impertinent, and Potentially Prejudicial.

Defendant Aker Philadelphia Shipyard, Inc. ("Defendant Aker") submits the following memorandum of law in support of its Rule 12(f) motion to strike paragraphs 5 to 39, the first sentence of paragraph 40, and paragraphs 72 to 140 from the Complaint as immaterial, impertinent, and potentially prejudicial to Defendant Aker.

## Table of Contents & Summary of Argument

I.   Rule 12(f) Authorizes the Court to Strike "Immaterial, Impertinent" Matter. .......... 2

II.  Plaintiff's Complaint Includes Immaterial and Impertinent Allegations That Could Prejudice Defendant Aker If Not Stricken. ........................................................... 3

    A.   Paragraph 5 Is Immaterial, Impertinent, and Potentially Prejudicial. ........................ 3

    B.   Paragraphs 6 to 39 and 40 (First Sentence Only) Are Immaterial, Impertinent, and Potentially Prejudicial. ................................................................................... 3

C. Paragraphs 72 to 140 Are Immaterial, Impertinent, and Potentially Prejudicial. .......... 6

**III. Conclusion** ................................................................................................................ 6

**I. Rule 12(f) Authorizes the Court to Strike "Immaterial, Impertinent" Matter.**

Rule 12(f) provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed.R.Civ.P. Rule 12(f). "Motions to strike are decided on the pleadings alone, and should not be granted unless the relevant insufficiency is 'clearly apparent.'" . . . While motions to strike serve the useful function of streamlining litigation, they are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.' . . . In particular, courts have identified prejudice to one or more of the parties as a touchstone for deciding a motion to strike*." Hanover Ins. Co. v. Ryan*, 619 F.Supp.2d 127, 132-33 (E.D.Pa. 2007) (internal citations omitted).

When a cause of action is dismissed, the allegations in the Complaint that concern the dismissed cause of action necessarily become immaterial, impertinent, and prejudicial to the

defendant, and should be stricken under Rule 12(f) at the time of the dismissal of the cause of action. *See Paul M. Harrod Co. v. A. B. Dick Co.*, 194 F.Supp. 502, 504 (N.D. Ohio 1961).

**II.     Plaintiff's Complaint Includes Immaterial and Impertinent Allegations That Could Prejudice Defendant Aker If Not Stricken.**

*A.     Paragraph 5 Is Immaterial, Impertinent, and Potentially Prejudicial.*

Paragraph 5 is Plaintiff's allegation about the citizenship of Defendant CMP. As explained in Defendant Aker's Rule 12(b)(1) motion to dismiss for lack of complete diversity, the Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant CMP because Plaintiff and Defendant CMP are both citizens of the State of Delaware, so this paragraph is immaterial and/or impertinent. Having any allegations about dismissed-Defendant CMP in the Complaint could be prejudicial to Defendant Aker if the Complaint is shown to a jury, because it could create juror confusion about the basis for Defendant Aker's alleged liability to Plaintiff. *See Harrod*, 194 F.Supp. at 504. If the Court drops Defendant CMP for incomplete diversity but does not dismiss the entire action, then paragraph 5 should be stricken from the Complaint.

*B.     Paragraphs 6 to 39 and 40 (First Sentence Only) Are Immaterial, Impertinent, and Potentially Prejudicial.*

Paragraphs 6 to 39 and the first sentence of paragraph 40 are allegations about what allegedly occurred ***before*** Plaintiff and Defendant Aker executed the revised purchase orders and broad releases & covenants not to sue in February 2010. These allegations are immaterial and impertinent with respect to Defendant CMP, because the Court lacks subject matter jurisdiction over Plaintiff's claims against Defendant CMP. These allegations are also immaterial and impertinent to Plaintiff's claims against Defendant Aker. Except for Counts I and II (for

Defendant Aker's allegedly wrongful termination of the February 2010 contracts), the Complaint shows that it fails to state any claims against Defendant Aker upon which relief can be granted, for the reasons that are explained in Defendant Aker's separate brief in support of its Rule 12(b)(6) motion.  In summary, Plaintiff entered into new, integrated written contracts with Defendant Aker in February 2010 that included broad releases & covenants not to sue, and integration clauses, so Plaintiff can only have claims against Defendant Aker for breach of contract, under the February 2010 agreements.  In particular, each of the February 2010 agreements includes a short "all claims" release, and a longer "any claims" release & covenant not to sue, and an integration clause.  (*See* Exhibit "B" to Complaint.)[1]  The short "all claims" releases in the February 2010 agreements state:

> **APSI and SIPCO agree to release all claims up to this date.**

(Exhibit "B" to Complaint, page 9 of 17 to "Rev 04:013-016 Cargo Tanks," and page 9 of 17 to "Rev 04:013-016 B&P Ballast Tanks").  The longer "any claim" releases & covenants not to sue in the February 2010 agreements state:

> **Each of APSI and SIPCO, for itself and its successors and assigns, releases, waives and discharges, and agrees not to commence or prosecute, any claim, action, suit or proceeding against the other party and each of its past, present and future parents, subsidiaries, affiliates, owners, directors, officers, managers, employees, agents, attorneys, representatives, predecessors, successors and assigns**

---

[1] Of course, Complaint Exhibit "B" includes ***incomplete*** copies of the February 2010 agreements, because Plaintiff did not include all the secondary documents that are incorporated into the February 2010 agreements in Complaint Exhibit "B".  (*See generally* Exhibit "B" to Complaint).

> **(collectively, "Related Parties"), of any nature whatsoever, whether known or unknown, anticipated or unanticipated, fixed or contingent, matured or unmatured, both at law and in equity, which it ever had, now has or may have, based upon any act, omission, transaction, practice or conduct of the other party or its Related Parties that occurred prior to the date of this Change Order No. 04 relating in any way to or arising out of this Purchase Order.**

(Exhibit "B" to Complaint, page 10 of 17 to "Rev 04:013-016 Cargo Tanks," and page 10 of 17 to "Rev 04:013-016 B&P Ballast Tanks").  The integration clauses in the February 2010 agreements state:

> **This order constitutes the entire contract between the parties hereto and supersedes all earlier negotiations, representations or agreements related to the subject of this contract, either written or oral.**

(*See* Exhibit "B" to Complaint, page 11 of 17 to "Rev 04:013-016 Cargo Tanks," and page 11 of 17 to "Rev 04:013-016 B&P Ballast Tanks").  Counts III, IV, V, VI, VIII, and XIV should also be dismissed for the other reasons that are set forth in "***Defendant Aker's Brief in Support of Rule 12(b)(6) Motion to Dismiss Counts III, IV, V, VI, VII, VIII, and XIV for Failure to State a Claim.***"

If the Court grants Defendant Aker's Rule 12(b)(6) motion to dismiss Counts III, IV, V, VI, VIII, and XIV, but does not strike paragraphs 6 to 39 and the first sentence of paragraph 40 from the Complaint, Defendant Aker will be prejudiced, at least by having to incur the cost and expense of answering and engaging in discovery concerning those immaterial and impertinent allegations, that only concern the dismissed claims.  Furthermore, if those allegations ever went

to the jury, Defendant Aker would be further prejudiced, because those immaterial allegations about what allegedly happened before the February 2010 contracts were executed could create juror prejudice and confusion against Defendant Aker about the scope of and factual basis for Plaintiff's claims. *See Harrod,* 194 F.Supp. at 504.

### C. *Paragraphs 72 to 140 Are Immaterial, Impertinent, and Potentially Prejudicial.*

Paragraphs 72 to 140 of the Complaint are the allegations in the "Counts" after Count I and II. These allegations are immaterial and impertinent. The Court lacks diversity jurisdiction over Plaintiff's claims against Defendant CMP, and all the claims other than Counts I and II should be dismissed as against Defendant Aker, because the February 2010 agreements govern as between Plaintiff and Defendant Aker, as explained in "***Defendant Aker's Brief in Support of Rule 12(b)(6) Motion to Dismiss Counts III, IV, V, VI, VII, VIII, and XIV for Failure to State a Claim.***" Leaving paragraphs 72 to 140 in the Complaint would be prejudicial to Defendant Aker by increasing Defendant Aker's pre-trial costs, and if those allegations were ever given to a jury, those allegations would be likely to cause juror confusion about the scope and basis for Plaintiff's claims against Defendant Aker. *See Harrod,* 194 F.Supp. at 504.

### III. Conclusion

For the reasons stated above, if the Court does not dismiss the entire action for lack of federal subject matter jurisdiction, then the Court should strike Complaint paragraphs 5 to 39, 40 (first sentence only), and 72 to 140 under Rule 12(f) as immaterial, impertinent, and potentially prejudicial.

*{Signatures on Next Page}*

Respectfully submitted,

POST & SCHELL, P.C.

By: /s/ Gary A. Wilson
    GARY A. WILSON, ESQUIRE
    Four Penn Center
    1600 John F. Kennedy Boulevard
    Philadelphia, PA  19103-2808
    gwilson@postschell.com
    Phone: 215-587-1489
    Fax: 215 587-1444
    **Local counsel for Aker Philadelphia Shipyard, Inc.**

    JAMES W. COPELAND, ESQUIRE
    Smith, Currie & Hancock LLP
    2700 Marquis I Tower
    245 Peachtree Center Ave. NE
    Atlanta, GA  30303-1227
    jwcopeland@smithcurrie.com
    404-521-3800
    **Lead counsel for Aker Philadelphia Shipyard, Inc.**
    (pro hac vice motion pending)

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Brief in Support of Motion to Dismiss to be filed electronically with the Court which in turn electronically served the following individuals on the date indicated below:

Louis J. Rizzo, Esquire
Edward J. Kelbon, Jr., Esquire
REGER RIZZO & DARNALL LLP
Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA  19104

*Counsel for Plaintiff, Sipco Surface Protection, Inc.*

Peter J. Lynch, Esquire
CHRISTIE PABARUE MORTENSEN & YOUNG
1880 John F. Kennedy Boulevard
10th Floor
Philadelphia, PA 19103

*Counsel for CMP Coatings, Inc.*

I further certify that true and correct copies of the Brief in Support of Motion to Dismiss were served on the following individuals by U.S. Regular Mail, postage pre-paid on the date indicated below:

James W. Copeland, Esquire
SMITH, CURRIE & HANCOCK LLP
2700 Marquis One Tower
245 Peachtree Center Ave., N.E.
Atlanta, GA  30303-1227

*Lead Counsel for Defendant Aker Philadelphia Shipyard, Inc.*

John R. Walker, Esquire
JONES FUSSELL, LLP
Northlake Corporate Park, Suite 103
1001 Service Road East Highway 190
P.O. Box 1810
Covington, LA 70434

*Counsel Pro Hac Vice for CMP Coatings, Inc.*

Date:  October 6, 2010

/s/ Gary A. Wilson
GARY A. WILSON, ESQUIRE